PEOPLE v. JAMES JONES

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 February 3, 1971, at Detroit. (Docket No. 8566.) Decided June 25, 1971.

James Rufus Jones was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

Before: Lesinski, C. J., and R. B. Burns and Levin, JJ.

Per Curiam. The defendant, James Rufus Jones, appeals from a judgment entered on a jury verdict convicting him of first-degree murder. MCLA § 750.316 (Stat Ann 1971 Cum Supp § 28.548). The people's evidence tended to show that a nine-year-old girl was raped and strangled to death. The defendant was seen talking to the victim both on the street and in the apartment building where her body was found. A police officer testified at the trial that,

shortly after the defendant was apprehended and after the *Miranda*[1] warnings had been given, the defendant admitted that he had raped and killed the child.

The only assignments of error are that the trial judge erred in refusing to suppress from evidence certain articles of clothing and blood and hair samples.

Until four to six weeks before the crime, the defendant had been living with a friend in his friend's apartment. When the defendant moved to another address, he left with his friend several changes of clothing. The victim was last seen alive during the afternoon of March 22, 1968. The defendant arrived at his friend's apartment the following morning, March 23, 1968, at 1:30 a.m., and changed his clothing, leaving bloodstained clothing. His friend testified that the defendant said:

" 'I am in a world of trouble' he said, when he got ready to leave, he says well, he says—I told him, I says, well, he want to say something and I told him after all my father had a stroke and I have enough problems of my own in trying to run this building without trying to solve your problems. So he said, and when the police come, he said give them my clothes. And when they came, I did."

The defendant was arrested on March 24, 1968, at 8 p.m. At the trial a police officer testified that shortly after the defendant was arrested he told the officer where his clothing was and gave the officer permission to go and get it. There was also testimony and other evidence that shortly after the defendant was arrested a notice of constitutional rights (*Miranda* warnings) form was read to the defendant

[1] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

and he signed it. The defendant also signed a form agreeing to submit to a blood test. There was testimony that he agreed to allow a sample of his pubic hair to be taken.

After he had given such consents, a pinprick blood sample was taken from one of his fingers and a few pubic hairs were removed by technicians under hospital conditions.

We are satisfied that the trial judge did not clearly err in finding that the defendant consented to the police seizure of the bloodstained clothing which he left at his friend's apartment and that the defendant also consented to the taking of blood and hair samples.

Affirmed.